AARON D. FORD
　Attorney General
RUDOLF M. D'SILVA (Bar No. 16227)
　Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3375 (phone)
(702) 486-3768 (fax)
Email: rdsilva@ag.nv.gov

*Attorneys for Interested Party,
Nevada Department of Corrections*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY KOERNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENNETH WILLIAMS<br><br>　　　　Defendants. | Case No. 3:24-cv-00209-ART-CLB<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO FILE STIPULATION TO DISMISS** |

　　　　Interested Party Nevada Department of Corrections, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Rudolf M. D'Silva, Deputy Attorney General, respectfully submit this status report regarding a settlement agreement the parties entered into on February 18, 2025.

**I.　BACKGROUND**

　　　　Plaintiff Kelly Koerner (Koerner) filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983. ECF No. 6 at 1. Koerner is currently in the custody of the Nevada Department of Corrections (NDOC) at Northern Nevada Correctional Center (NNCC). Exhibit A – Bed History Report at 1. During the screening process, pursuant to 28 U.S.C. § 1915A(a), the court allowed Koerner to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Williams. ECF No. 5 at 6:3-5.

On February 18, 2025, Koerner and Interested Party NDOC (Parties), participated in an Early Inmate Mediation Conference (EMC) which was set by this Court. *See generally* ECF No. 10; *See also* ECF No. 13. A settlement was reached between the parties. ECF No. 13. Upon reaching this settlement, the Deputy Attorney General (DAG) who represented the Interested Party the NDOC (Defendant) unexpectedly left the division. On March 28, 2025, undersigned counsel submitted a notice of change of DAG. ECF No. 16.

Pursuant to the terms of the settlement agreement, forty-five (45) days from the date the Parties entered the settlement agreement, NDOC is required to file a Stipulation and Order to Dismiss, or, alternatively, if the terms of the settlement have not been completed, a Status Report. Exhibit A – Settlement Agreement at 1¶6. If a Status Report is filed, it must inform the Court as to what terms are yet to be completed, along with an explanation as to why they have not yet been completed and when NDOC anticipates the outstanding terms will be completed. *Id*.

## II.   STATUS REPORT

Due to the sudden departure of the DAG who participated in settling this case at the EMC, and the recent appearance of undersigned counsel on this case, Defendant has not had the opportunity to fully verify whether all the terms of this settlement agreement have been satisfied. *See* ECF No. 16. The pertinent terms of the Parties' settlement agreement are as follows:

(1)   NDOC and Plaintiff have agreed to no monetary terms.

(2)   NDOC agrees to contact a Certified Ophthalmologist within thirty (30) days to schedule a consultation as soon as the Ophthalmologist has an appointment available. Any treatment will be pursuant to NDOC policy and at the recommendation of the specialist.

(3)   Further, Plaintiff will be provided with an expedited MRI on his back and neck. If further treatment is necessary, such treatment will be performed according pursuant to NDOC regulations and procedures. If an outside appointment is approved, Plaintiff may request Dr. Vacca, review the MRI report, but any decisions regarding treatment will be made according to the policies and procedures of NDOC.

        (4)    Plaintiff may kite his caseworker to request a corner bunk in his current placement. The Office of the Attorney General will contact the case worker to recommend the placement, however, there is no guarantee of a move or the placement.

Ex. B at 1¶1-4.

Undersigned counsel has confirmed paragraphs one and four have been satisfied by the NDOC. Upon contacting NNCC's medical department, the OAG was informed that the staff capable of verifying whether the terms set out in paragraphs two and three of the settlement agreement were satisfied was not currently available. Undersigned counsel was informed that such staff will likely be available on Monday, April 7, 2025, and to follow up with the facility then. Undersigned counsel plans on following up with NNCC to verify if the terms set out in paragraphs two and three have been satisfied in the week of April 6, 2025. Should it be discovered that these terms have not been satisfied, NDOC will work towards having the terms of this settlement agreement satisfied by May 4, 2025.[1]

DATED this 4th day of April, 2025.

AARON D. FORD
Attorney General

By: /s/ *Rudolf M. D'Silva*
RUDOLF M. D'SILVA (Bar No. 16227)
Deputy Attorney General
*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:** April 7, 2025

UNITED STATES MAGISTRATE JUDGE

---

[1] The settlement agreement entered into by the Parties provides: "Unless the Court orders otherwise, NDOC must file another Status Report within thirty (30) days of the filing of any Status Report in the case, or the Stipulation and Order to Dismiss must be filed." Ex. B at 1-2 ¶6. Furthermore, the settlement agreement states, "if there is a delay in completing the terms of the Settlement Agreement, the Parties agree that a motion to enforce will not be filed until after the time frames described in Paragraph 6 have been fully expired." *Id.* at 2¶7.